UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | Criminal No. 4:10-cr-40024-TSH |
| **GEORGE GUZMAN,** Defendant. | ) ) ) ) | |

### ORDER RE: DEFENDANT'S COMPETENCY TO STAND TRIAL
September 24, 2012

HILLMAN, D.J.,

#### Background

The Government has charged George Guzman ("Mr. Guzman") with conspiring to distribute cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 846(a)(1) (Docket No. 2). At a February 17, 2012 status conference, Mr. Guzman, through his counsel, moved this Court for an order of competency to stand trial under 21 U.S.C. § 4241.[1] On March 2, 2012, I ordered that Mr. Guzman undergo a psychiatric or psychological examination under 18 U.S.C. § 4247(b) and that a psychiatric or psychological report be prepared in accordance with 18 U.S.C. § 4247(c)(1)-(4)(A).[2]

---

[1] Among the reasons Mr. Guzman's counsel moved the Court for an order of competency were his visceral distrust of any attorney that represents him, his repeated requests to file frivolous pro se motions, and his fixation with the inequities of treatment between himself and the Government's cooperating witness.

[2] It had become apparent to the Court that there was reasonable cause to believe that Mr. Guzman might have been mentally incompetent to the extent that he might not have been able to understand the nature and consequences of the charges against him, or more importantly to properly assist his counsel in his defense. This opinion was based in part upon Mr. Guzman's obstinacy in accepting basic legal representation from the Federal Public Defender program.

## The Competency Evaluation

In furtherance of the above referenced order, Mr. Guzman was moved to the Federal Medical Center, Devens, Massachusetts ("FMC Devens"), where he was evaluated between March 14, 2012 and April 16, 2012. During admission at FMC Devens, Mr. Guzman underwent clinical interviews and psychological testing. He was informed and understood that all results from his evaluation were not privileged and would be shared with his counsel, the Government, and the Court.

Based upon his prior history, evaluators diagnosed Mr. Guzman with dysthymic disorder and antisocial personality disorder as well as chemical dependencies from extensive use of opioids, cannabis, and cocaine. Dysthymic disorder is characterized by chronic daily depression lasting for a period of more than two years. Antisocial personality disorder is characterized by a series of behaviors, most notably: impulsivity, irritability, irresponsibility, lack of remorse, and disregard for others. Evaluators found that Mr. Guzman presented well during interview sessions, had appropriate speech with regard to rate, rhythm, and tone, and did not have any hallucinogenic, homicidal, or suicidal thoughts.

Because of his stability, Mr. Guzman was placed in an open mental health unit throughout out the duration of his stay. At no point was Mr. Guzman observed having problems with daily living. He spent the majority of his time either in the recreation yard or in the law library. When asked questions pertaining to his competence, Mr. Guzman was able to identify what offenses he was being charged with, define the different pleas that he could enter, and understand the potential consequences that might result. After considering all relevant information, the report concluded that Mr. Guzman did "not suffer from a major mental illness

and is able to understand the nature and consequences of the proceedings against him and [is able] to assist properly in his defense."

On May 24, 2012, Defendant's psychiatric report was filed under seal and mailed to counsel for Mr. Guzman and the Government (Docket No. 107). Following receipt of the psychiatric report, the Court held a hearing in accordance with 18 U.S.C. § 4247(d). Neither party submitted for the record any objection to the report's findings.

### Conclusion

Based upon the report's conclusions, I find that Mr. Guzman demonstrates an understanding of the charges and the chronology of the events leading to his arrest. Moreover, Mr. Guzman maintains a factual understanding of the legal process, his role, and the role of the other participants within his case. Accordingly, by a preponderance of evidence I find that Mr. Guzman does not presently suffer from a mental disease or defect which renders him unable to understand the nature and consequences of the proceeding against him or assist properly in his defense.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE